N THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV443-1-W
3:03CR181

| GARY DEAN WHITE, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1), filed October 15, 2009. For the reasons stated herein, Petitioner's Motion to Vacate is dismissed.

## PROCEDURAL HISTORY

On October 28, 2003, Petitioner was one of seven individuals named in a nine-count Bill of Indictment. Count One charged Petitioner with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841. Count Five charged Petitioner with possession with intent to distribute a detectable amount of cocaine base in violation of 21 U.S.C. § 841. Count Six charged Petitioner with possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. § 841. On that same day, the Government filed an Information Pursuant to Title 21 U.S.C. § 851 setting forth Petitioner's two prior felony drug convictions. On October 8, 2004, the parties filed a plea agreement with the Court. On October 25, 2004, at his Rule 11 hearing,

Petitioner, in accordance with the terms of his plea agreement, pled guilty to Count One.[1]

On April 21, 2006, Petitioner filed a Motion to Withdraw Plea of Guilty. On May 31, 2006, a hearing was held on Petitioner's Motion. On June 14, 2006, the magistrate recommended that Petitioner's Motion to Withdraw Plea of Guilty be denied. On November 9, 2006, the undersigned held a hearing on this issue. On that same day, this Court denied Petitioner's Motion to Withdraw Plea of Guilty. On June 22, 2007, at Petitioner's sentencing hearing, this Court sentenced Petitioner to life imprisonment.

Petitioner directly appealed his sentence and conviction to the United States Court of Appeals for the Fourth Circuit. On appeal, Petitioner challenged this Court's finding that the Government did not abuse its discretion in denying him a second opportunity to provide substantial assistance following his violation of the conditions of his bond, the district court's granting of the Government's Motion to Quash Petitioner's Subpoenas, and the district court's denial of Petitioner's Motion to Withdraw Plea of Guilty. On June 6, 2008, the Fourth Circuit affirmed Petitioner's sentence and conviction. United States v. White, 280 Fed. App'x 317 (4th Cir. 2008). Petitioner filed a petition for writ of certiorari with the Supreme Court which was denied on October 14, 2008. White v. United States, 129 S. Ct. 423 (2008).

On October 9,[2] 2009, Petitioner timely filed the instant Motion to Vacate, Set Aside, or

---

[1] In accordance with the terms of the plea agreement, the Government dismissed Counts Five and Six. (Plea Agr. ¶ 2.)

[2] In Houston v. Lack, 487 U.S. 266 (1988), the United States Supreme Court held that a pro se prisoner's notice of appeal is deemed filed as of the date on which a prisoner delivers the notice of appeal to prison authorities for forwarding to the district court. Id. at 276. Applying the reasoning of the Houston case to Petitioner's filing of his Motion to Vacate, his Motion to Vacate would be deemed filed on the date he delivered it to prison officials for forwarding to the district court. Reviewing Petitioner's filing and applying the rule set forth in Houston, this Court

Petitioner, in accordance with the terms of his plea agreement, pled guilty to Count One.[1]

On April 21, 2006, Petitioner filed a Motion to Withdraw Plea of Guilty. On May 31, 2006, a hearing was held on Petitioner's Motion. On June 14, 2006, the magistrate recommended that Petitioner's Motion to Withdraw Plea of Guilty be denied. On November 9, 2006, the undersigned held a hearing on this issue. On that same day, this Court denied Petitioner's Motion to Withdraw Plea of Guilty. On June 22, 2007, at Petitioner's sentencing hearing, this Court sentenced Petitioner to life imprisonment.

Petitioner directly appealed his sentence and conviction to the United States Court of Appeals for the Fourth Circuit. On appeal, Petitioner challenged this Court's finding that the Government did not abuse its discretion in denying him a second opportunity to provide substantial assistance following his violation of the conditions of his bond, the district court's granting of the Government's Motion to Quash Petitioner's Subpoenas, and the district court's denial of Petitioner's Motion to Withdraw Plea of Guilty. On June 6, 2008, the Fourth Circuit affirmed Petitioner's sentence and conviction. United States v. White, 280 Fed. App'x 317 (4th Cir. 2008). Petitioner filed a petition for writ of certiorari with the Supreme Court which was denied on October 14, 2008. White v. United States, 129 S. Ct. 423 (2008).

On October 9,[2] 2009, Petitioner timely filed the instant Motion to Vacate, Set Aside, or

---

[1] In accordance with the terms of the plea agreement, the Government dismissed Counts Five and Six. (Plea Agr. ¶ 2.)

[2] In Houston v. Lack, 487 U.S. 266 (1988), the United States Supreme Court held that a pro se prisoner's notice of appeal is deemed filed as of the date on which a prisoner delivers the notice of appeal to prison authorities for forwarding to the district court. Id. at 276. Applying the reasoning of the Houston case to Petitioner's filing of his Motion to Vacate, his Motion to Vacate would be deemed filed on the date he delivered it to prison officials for forwarding to the district court. Reviewing Petitioner's filing and applying the rule set forth in Houston, this Court

Correct Sentence. In his Motion to Vacate Petitioner asserts that he received ineffective assistance of counsel during his criminal proceeding.

## ANALYSIS

### I. INITIAL REVIEW AUTHORITY

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner is not entitled to any relief on his claims.

### II. INEFFECTIVE ASSISTANCE OF COUNSEL

#### A. Standard of Review

Petitioner's contentions that he received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In

---

finds that based on the information presently before this Court, Petitioner's § 2255 motion should be deemed filed on October 9, 2009, which is the date that Petitioner certified that he placed his motion in the prison mailing system.

making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Moreover, a petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). When a petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. ), cert. denied, 488 U.S. 843 (1988). Claims of ineffective assistance of counsel at sentencing after a guilty plea require a petitioner to establish that a reasonable probability exists that absent the alleged error, the results of the proceeding would have been different. United States v. Mayfield, 320 Fed. App'x 190, 191 (4th Cir. 2009).

**B. Involuntary Guilty Plea**

Petitioner alleges that his guilty plea was unknowing and involuntary because he received ineffective assistance of counsel. More specifically, Petitioner alleges that his counsel assured him that if he pled guilty his sentence would not exceed twenty years. In addition, Petitioner asserts that his counsel informed him that if he cooperated with the Government his sentence would be reduced to less than ten years. Petitioner contends that his counsel informed him that his plea agreement only contained a life sentence because that was the worse case scenario. According to Petitioner, counsel also assured him that only one of his prior convictions qualified

4

as a predicate offense for § 851 purposes and that this issue would be resolved at the sentencing hearing. Petitioner asserts that he relied on this advice when making his decision to plead guilty and that if he had known he was "in essence conceding to a life sentence," he would not have pled guilty.

Even if Petitioner's counsel did not properly inform Petitioner with regard to his sentencing exposure, Petitioner's ineffective assistance of counsel claim on this basis fails because he cannot establish that he was prejudiced. At his Rule 11 hearing, the Petitioner swore under oath[3] that he understood that the minimum penalty he faced was life imprisonment. (Plea Hearing Trans. pp. 5-6, 15-17.) Petitioner further stated that he realized that his sentence might be more severe than he expected. (Plea Hearing Trans. pp. 10-11). Significantly, Petitioner swore under oath that no one had made him a promise of leniency to induce him to plead guilty. (Plea Hearing Trans. pp. 18-19.) Petitioner also stated that he had enough time to go over any possible defenses to the charges. (Plea Hearing Trans. p. 19.) Petitioner stated that he was satisfied with the services of his attorney. (Plea Hearing Trans. p. 20.) When asked if he had any questions or would like to make any statements, Petitioner stated that he did not. (Plea Hearing Trans. pp. 20-21.)

Based upon this record, this Court concludes that Petitioner was aware that he faced a mandatory life sentence. As such, even if his counsel misinformed him as to his likely sentence,

---

[3] In reaching a decision on this case the Court, in accordance with the law, has placed great weight on the Petitioner's representations at his Rule 11 Hearing. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)(representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding); see also United States v. DeFusco, 949 F.2d 114,119 (4th Cir. 1991)(statements made by a defendant during a Rule 11 proceeding constitute strong evidence of the voluntariness of the plea).

any such misinformation was offset by the questions and responses at his plea hearing. Consequently, Petitioner cannot establish that he was prejudiced and his ineffective assistance of counsel claim on this basis fails.

Petitioner also alleges that he never would have pled guilty if his counsel had pursued a defense of actual innocence. Petitioner presents no argument or facts to support his contention that he had a viable actual innocence claim. As such he has not carried his burden of establishing that his counsel was ineffective on this basis. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)( a petitioner bears the burden of establishing his claim by a preponderance of the evidence); Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.")

Petitioner's assertion that he received ineffective assistance of counsel because he would not have pled guilty had he known of his speedy trial rights also fails. First, at his plea hearing Petitioner unequivocally stated under oath that he was aware of his speedy trial right. (Plea Hearing Tr. 11-12.) Second, Petitioner does not present any argument as to how his speedy trial rights were violated. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)( a petitioner bears the burden of establishing his claim by a preponderance of the evidence); Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.") As such, Petitioner cannot, at a minimum, establish that he suffered any prejudice.

Finally, Petitioner asserts that his counsel never discussed possible defenses with him and

instead just told him to plead guilty. Petitioner's present, self-serving contention is in direct contravention of his affirmative indication under oath at his plea hearing that he had "enough time to discuss with [his] attorney any possible defenses [he] might have to these charges?" (Plea Hearing Tr. 19.) Moreover, Petitioner has failed to articulate any viable defense that should have been raised. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)( a petitioner bears the burden of establishing his claim by a preponderance of the evidence); Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."); see Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)(representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding). As such, Petitioner cannot, at a minimum, establish that he suffered any prejudice.

### C. Plea Withdrawal Hearing

Petitioner also alleges that his counsel[4] was ineffective during his plea withdrawal hearing. Petitioner asserts that his counsel failed to argue that he was actually innocent. In addition, Petitioner argues that his counsel failed to obtain information to establish that the Government's refusal to allow Petitioner to continue to cooperate was based on race. Petitioner also contends that his counsel was ineffective for failing to subpoena witnesses who could have established that he was set up for the drug charge that violated his bond. Petitioner also asserts that but for counsel's failures this Court would have granted Petitioner's Motion to Withdraw

---

[4] The Court notes that on January 5, 2006, Petitioner's original counsel's Motion to Withdraw was granted and Petitioner was assigned new counsel on January 6, 2006.

Plea of Guilty.

Petitioner's arguments are meritless and unsupported. While he asserts he was actually innocent he provides no argument or facts whatsoever to support his assertion. Likewise, while Petitioner asserts that the prosecutor's decision not to allow him to continue to cooperate was based on race he again provides no argument or facts to support his assertion. Petitioner also broadly asserts that his counsel should have subpoenaed individuals to establish that he was set up with regard to the drug charge that violated the terms of his bond. Petitioner, however, does not identify these individuals or establish to what exactly they would have testified. Needless to say, Petitioner has not even come close to carrying his burden of persuasion with regard to these claims. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)( a petitioner bears the burden of establishing his claim by a preponderance of the evidence); Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.") Consequently, these claims are dismissed.

Petitioner also asserts that his counsel failed to argue that Petitioner's alleged beach of the plea agreement voided the whole agreement. A review of the explicit terms of the plea agreement reveals the frivolousness of this claim. Paragraph 24 of the plea agreement sets forth that "[t]he defendant understands that if he breaches this Plea Agreement, or violates any federal, state, or local law, or any order of any court, including any condition of pre-trial or pre-sentence, or post-sentence release, the United States will be relieved of its obligations under this Plea Agreement, but the defendant will not be allowed to withdraw his guilty plea. . . . ." Thus, based on the clear terms of Petitioner's plea agreement, his counsel was not ineffective for failing to

argue that his own breach of the plea agreement voided the entire agreement.

Petitioner also alleges that his counsel should have argued that Petitioner's plea was unknowing and involuntary. As has already been set forth in this Order, Petitioner's plea was knowing and voluntary and, as such, Petitioner's counsel did not have any basis for arguing otherwise.

Finally, Petitioner asserts that his counsel was ineffective for failing to argue that the Government's withdrawal of its offer to move for a downward departure amounted to a breach of the plea agreement. Again, a review of the plea agreement reveals the meritless nature of this claim. Nowhere in the Plea Agreement does the Government obligate itself to file a downward departure motion. Indeed, the plea agreement sets forth that any decision to file a downward departure motion was at the sole discretion of the Government. (Plea Agr. ¶ 23a.) Consequently, Petitioner's counsel's performance was not deficient and Petitioner was not prejudiced.

### D. Sentencing and Appeal

Petitioner also alleges that his counsel was ineffective at sentencing because he failed to argue that Petitioner had provided substantial assistance and he failed to argue that the Government's failure to file a downward departure motion amounted to a breach of the plea agreement.

Petitioner's plea agreement specifically set forth that the determination of whether assistance provided by Petitioner was substantial was left to the sole discretion of the Government. (Plea Agr. ¶ 23a). Petitioner's plea agreement also specifically set forth that Petitioner waived all objections and rights of appeal or collateral attack in the event the

9

Government exercised its discretion not to file downward departure motion. Perhaps more importantly, Petitioner's plea agreement also specifically set forth that Petitioner agreed not to violate any federal, state, or local law, or any orders of this Court, including conditions of pretrial, pre-sentence, or post-sentence release. (Plea Agr. ¶ 22f.) Based upon the above, this Court finds that, Petitioner's counsel's performance was not deficient and Petitioner was not prejudiced. Consequently, his ineffective assistance of counsel claim on this basis fails.

Petitioner also argues that his counsel was ineffective because he failed to argue at sentencing that only one of his prior convictions qualified as a predicate conviction for § 851 purposes. It is Petitioner's burden to establish his claim and his broad, unsupported assertion does not meet this burden. Petitioner has not even identified which prior conviction does not qualify as a predicate or why it does not. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)( a petitioner bears the burden of establishing his claim by a preponderance of the evidence); Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.") Petitioner has not persuaded this Court that he was prejudiced by his counsel's failure to allege that one of his prior convictions was erroneously used to increase his sentence and his ineffective assistance of counsel claim on this basis is dismissed.

## CONCLUSION

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence conclusively shows that Petitioner is not entitled to any relief on his claims. Therefore, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to dismiss the

instant Motion to Vacate.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED**.

Signed: October 23, 2009

Frank D. Whitney
United States District Judge