IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV443-1-W
3:03CR181

GARY DEAN WHITE,                          )
                                          )
            Petitioner,                   )
                                          )
      v.                                  )          **O R D E R**
                                          )
UNITED STATES OF AMERICA,                 )
                                          )
            Respondent.                   )
_____ )

**THIS MATTER** comes before the Court upon Petitioner's Motion to Alter or Amend (Doc. No. 4), filed November 2, 2009.

On October 15, 2009, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) setting forth claims of ineffective assistance of counsel. On October 26, 2009, after conducting an initial review, this Court dismissed Petitioner's Motion to Vacate. (Doc. No. 2).

Petitioner has now filed a document asking the Court, pursuant to Rule 59(e), to reconsider the dismissal of his Motion to Vacate. A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. See Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted.

Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).

In his Motion to Reconsider, Petitioner alleges that this Court applied an incorrect standard of review to Petitioner's claims.  This claim concerns an alleged defect in the collateral review process and is properly raised in a motion to reconsider.

However, in addition to asserting this collateral review process claim, Petitioner raises a substantive claim attacking this Court's analysis.  Petitioner contends that this Court misapplied Blackledge v. Allison, 431 U.S. 63 (1977) as illustrated by the Fourth Circuit's holding in United States v. White, 366 F.3d 291 (4th Cir. 2004).  Citing White, Petitioner asserts that based upon his attempt to withdraw his guilty plea this Court cannot find that Petitioner's factual allegations which contradict his Rule 11 representations are patently incredible.  As such, Petitioner asserts that this Court erred in dismissing his Motion to Vacate

In  United States v. Winestock, 340 F. 3d 200 (4th Cir. 2003), the Fourth Circuit addressed when a motion to reconsider should be treated as a successive collateral review application. In answering this question, the Fourth Circuit stated that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Id. at 207.  Where, as here, the Rule 59(e) Motion to Reconsider contains a claim subject to the requirements for successive applications, as well as cognizable claims under Rule 59(e), "the district court should afford the applicant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application." Id.

Because Petitioner's Rule 59(e) motion contains both a process and substantive claim, this Court, pursuant to Winestock, will afford Petitioner an opportunity to delete the improper

2

claim from his Motion to Reconsider.  If Petitioner chooses not to take such action, this Court will construe Petitioner's entire Motion to Reconsider as a successive application.

**IT IS HEREBY ORDERED** that within <u>15 days of the date of the filing of this Order</u> Petitioner must delete all improper claims from his Motion to Reconsider.  If Petitioner fails to take such action, this Court will treat Petitioner's entire Motion to Reconsider as a successive application subject to dismissal for failure to obtain advance leave from the Fourth Circuit Court of Appeals.

Signed: December 17, 2010

Frank D. Whitney
United States District Judge